UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | |
|---|---|
| MICHAEL FRIDMAN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>THE HOME DEPOT, INC.,<br><br>Defendant. | Civil Action No. _____<br><br>(Removal from the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida) |

## DEFENDANT THE HOME DEPOT, INC.'S NOTICE OF REMOVAL

Defendant The Home Depot, Inc. ("Home Depot")[1] hereby files this Notice of Removal of this action from the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, to the United States District Court for the Southern District of Florida, Miami Division. This Notice of Removal is filed pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453 on the basis of the following facts, which show that this case may be properly removed to this Court[2]:

## PROCEDURAL HISTORY

1. Home Depot has been sued in a civil action entitled *Michael Fridman v. The Home Depot, Inc.*, Case No. 2021-008112-CA-01, in the Eleventh Judicial Circuit in and for Miami-Dade County, Florida (the "State Court Action").

2. Plaintiff's Complaint was filed on April 2, 2021, and Home Depot waived service on April 20, 2021. Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of all process and

---

[1] Home Depot notes that Plaintiff has identified the incorrect entity. The correct entity is Home Depot U.S.A., Inc. Defendant will address this at the appropriate time.

[2] Home Depot reserves all rights to assert any and all defenses to the Complaint. Home Depot further reserves the right to amend or supplement this Notice of Removal.

pleadings on file with the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, are attached hereto as **Exhibit 1**.

## VENUE AND JURISDICTION

3. Venue is proper in this Court pursuant to 28 U.S.C. §§ 100(1), 1391, 1441(a), and 1446(a), because the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, where the Complaint was filed, is a state court within the Southern District of Florida, Miami Division.

4. As set forth more fully below, this Court has subject matter jurisdiction under 28 U.S.C. § 1332(d).

5. All other requirements for removal here have been satisfied.

## BASES FOR REMOVAL

**I. THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. § 1332(D).**

6. The Court has original jurisdiction over this action, and the action may be removed to this Court, under the Class Action Fairness Act of 2005 ("CAFA"). Pub. L. No. 109-2, 119 Stat. 4 (codified in scattered sections of 28 U.S.C.).

7. As set forth below, this is a putative class action in which: (1) Plaintiff alleges there are more than 100 members in the alleged class; (2) at least one member of the proposed class is a citizen of a different state than Home Depot; and (3) based upon the allegations in the Complaint and the facts set forth in the Declaration of Porsche Williams (attached as **Exhibit 2**), the claims of the putative class members exceed the sum or value of $5 million in the aggregate, exclusive of interest and costs. Thus, this Court has original jurisdiction over this action, and the action may be removed to this Court pursuant to 28 U.S.C. § 1332(d)(2).

### A.     Plaintiff's Proposed Class Consists of More Than 100 Members

8.     In the Complaint, Plaintiff purports to seek damages on behalf of himself and an alleged class including "Florida residents who visited the [Home Depot] Website, and whose electronic communications were intercepted or recorded by QM on behalf of Defendant, without their prior consent." Compl. ¶ 44.

9.     Plaintiff alleges in the Complaint that "on information and belief, Members of the Class number in the thousands." *Id.* ¶ 48.

10.    Accordingly, based on the allegations in the Complaint, the aggregate number of members of the alleged class is greater than 100 for purposes of 28 U.S.C. § 1332(d)(5)(B).

### B.     Minimal Diversity Exists

11.    This Court has original jurisdiction under CAFA when the parties in a class action are minimally diverse. 28 U.S.C. § 1332(d)(2)(A) ("The district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which – (A) *any member of a class of plaintiffs is a citizen of a State different from any defendant*") (emphasis added).

12.    Home Depot is, and was at the time it was served with the Complaint, a corporation duly organized and validly existing under the laws of the State of Delaware, and Home Depot maintains its principal place of business in Georgia. Ex. 2, ¶ 4. Home Depot, therefore, is a citizen of Delaware and Georgia. *See* 28 U.S.C. § 1332(c)(1).

13.    Based upon the allegations of the Complaint, Plaintiff is a citizen of Florida. Compl. ¶ 7. Likewise, Plaintiff's proposed class is limited to residents of Florida. *Id.* ¶ 44.

14.    Because at least one member of the putative class is diverse from at least one defendant, the requirements for minimal diversity under 28 U.S.C. § 1332(d)(2)(A) are satisfied.

### C. The Amount in Controversy Requirement is Satisfied

15. Plaintiff alleges, among other things, that Home Depot violated the Florida Security of Communications Act, Fla. Stat. § 934.01, *et seq.* ("FSCA"), through the use of "tracking, recording, and/or 'session replay' software to secretly observe and record Plaintiff's and Class Members' electronic communications with the [Home Depot] Website, including their keystrokes, mouse movements and clicks, information inputted into the Website, and/or pages and content viewed on the Website." Compl. ¶ 3.

16. Plaintiff seeks remedies including (1) declaratory relief, (2) an injunction, (3) compensatory damages, (4) statutory damages, (5) punitive damages, and (6) attorney's fees. Compl., Prayer for Relief, p. 14-15.

17. The FSCA provides various civil remedies for violations of the statute, including (1) injunctive or declaratory relief, (2) either actual damages or statutory damages in the amount of "$100 a day for each day of violation or $1,000, whichever is higher," (3) punitive damages, and (4) attorney's fees and costs. Fla. Stat. § 934.10.

18. While the complete number of putative class members is yet to be determined, Home Depot's records indicate that there have been over 10,000 "unique visits" to Home Depot's website in the past year alone from IP addresses indicating the visits originated in Florida. Ex. 2, ¶ 6. Plaintiff seeks statutory damages of at least $1,000 on behalf of himself and the putative class, meaning that there is potentially more than $10,000,000 in controversy in this action, exceeding CAFA's $5,000,000 amount in controversy requirement. Compl. ¶¶ 72, 79.

19. In addition to these statutory damages, Plaintiff also seeks punitive damages. Compl. Prayer for Relief (d), p. 15. Punitive damages also count towards meeting the amount in controversy requirement. *See Larousse v. Hammond*, No. CV 1:18-00080-CG-N, 2018 WL 1956121, at *5 (S.D. Ala. Apr. 10, 2018), *rept. and rec. adopted*, No. CV 18-0080-CG-N, 2018

WL 1952526 (S.D. Ala. Apr. 25, 2018); *see also Back Doctors Ltd. v. Metro. Prop. & Cas. Ins. Co.*, 637 F.3d 827, 831 (7th Cir. 2011) (finding CAFA's amount in controversy requirement satisfied where a potential award of punitive damages could be high enough to reach the jurisdictional minimum).

20. Florida law states that "an award of punitive damages may not exceed the greater of: (1) three times the amount of compensatory damages awarded to each claimant entitled thereto . . . or (2) [t]he sum of $500,000." Fla. Stat. § 768.73(1)(a). Based on the alleged statutory damages at play above, and the relief requested by Plaintiff, he seeks punitive damages of $30 million or more.

21. Home Depot asserts that Plaintiff's claims fail on the merits and class certification is not appropriate in this action, and denies that Plaintiff or the class are due any amount of damages, compensatory or otherwise. Nonetheless, based on Plaintiff's allegations, the claimed statutory damages and punitive damages at issue in this case are over $40 million. Accordingly, the amount in controversy in this matter far exceeds the jurisdictional threshold of $5 million set forth in 28 U.S.C. § 1332(d).[3]

## II. ALL OTHER REMOVAL REQUIREMENTS ARE SATISFIED

22. The Notice of Removal is timely filed, pursuant to 28 U.S.C. § 1446(b). Home Depot waived service of the Complaint on April 20, 2021. Home Depot's deadline to remove is May 20, 2021. *See* 28 U.S.C. § 1446(b)(1) (establishing a deadline for removal of 30 days after

---

[3] Home Depot reserves the right to present additional evidence concerning Plaintiff's purported damages and the other elements of Plaintiff's requested relief, including injunctive relief and attorney's fees, should Plaintiff contend that the amount-in-controversy requirement is not satisfied in this case.

service). Thus, Home Depot files this Notice of Removal within 30 days of its receipt through service of the Complaint.

23. Pursuant to the requirements of 28 U.S.C § 1446(b)(2)(A), Home Depot is the only defendant named in the Complaint and it consents to removal by filing this Notice of Removal.

24. Pursuant to 28 U.S.C. § 1446(d), contemporaneously with the filing of this Notice of Removal in the United States District Court for the Southern District of Florida, written notice of such filing will be served by the undersigned on the Plaintiff's Counsel of Record, and a copy of the Notice of Removal will be filed with the Clerk of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida.

25. By filing this Notice of Removal, Home Depot does not waive any defense that may be available to it and reserves all such defenses, including but not limited to those related to lack of personal jurisdiction.

## **CONCLUSION**

26. For all the reasons stated, this action is removable to this Court pursuant to 28 U.S.C. §§ 1441, 1446 and 1453, and this Court may exercise jurisdiction over this matter pursuant to 28 U.S.C. § 1332(d).

Wherefore, Defendant Home Depot gives notice that the matter bearing case number 2021-008112-CA-01, pending in the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, is removed to the United States District Court for the Southern District of Florida, and requests that the Court retain jurisdiction for all further proceedings in this matter.

Respectfully submitted this 20th day of May, 2021.

By: /s/ *Daniel B. Rogers*
DANIEL B. ROGERS (FBN 195634)
**SHOOK, HARDY & BACON L.L.P.**
Citigroup Center, Suite 3200
201 South Biscayne Boulevard
Miami, Florida 33131
Telephone: (305) 358-5171
Fax: (305) 358-7470
Email: drogers@shb.com

-- and --

Stewart Haskins II*
Elizabeth Adler*
Misty L. Peterson*
Billie B. Pritchard*
Edward A. Bedard*
**KING & SPALDING LLP**
1180 Peachtree Street, NE
Atlanta, Georgia 30309
Telephone: (404) 572-4600
Fax: (404) 572-5100
E-mail: shaskins@kslaw.com
eadler@kslaw.com
mpeterson@kslaw.com
bpritchard@kslaw.com
ebedard@kslaw.com

**pro hac vice* forthcoming

*Counsel for Defendant, The Home Depot, Inc.*

7

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing is being filed through CM/ECF, which will send a Notice of Electronic Filing to all registered attorneys, and is also being served via email on this 20th day of May, 2021 to the below counsel of record.

By: s/*Daniel B. Rogers*
DANIEL B. ROGERS

## SERVICE LIST

Brian Levin, Esq.
**LEVIN LAW, P.A.**
Florida Bar No. 26392
2665 South Bayshore Drive, PH-2B
Miami, Florida 33133
E-mail: brian@levinlawpa.com
Telephone: (305) 402-9050

Avi R. Kaufman, Esq.
**KAUFMAN P.A.**
Florida Bar No. 84382
400 Northwest 26th Street
Miami, Florida 33127
E-mail: kaufman@kaufmanpa.com
Telephone: (305) 469-5881

*Counsel for Plaintiff and Putative Class*